A charge similar to the one before us here was approved in Wilson v. State, 136 Tex.Cr.R. 590, 126 S.W.2d 977.

What we have just said disposes of appellant's contentions presented by his bills numbered 10, 11 and 12.

By bill of exception No. 13, he complains of the failure of the court to charge on the law of circumstantial evidence. We have concluded that the testimony of the witnesses Leon Maxey and Dr. Hausmann take this case out of the circumstantial evidence rule. There was no testimony to support appellant's contention that the court should have charged on accident.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

**Ex parte Charles P. TIBBITTS.**

**No. 30639.**

Court of Criminal Appeals of Texas.

April 1, 1959.

Charles P. Tibbitts pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

Relator made application for writ of habeas corpus alleging that he was unlawfully restrained of his liberty, and said application was set for submission. It has now been made known to this Court that relator is no longer confined, and the question raised by his application has become moot.

The application for habeas corpus is dismissed.